Filed 1/4/21  P. v. Ripley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C091759 |
| Plaintiff and Respondent, | (Super. Ct. No. 18NCR13080) |
| v. | |
| PAUL PONSAGORN RIPLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Paul Ponsagorn Ripley has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Based on our review of the record, we modify the judgment to reflect 85 days of custody credit.  Finding no other arguable errors favorable to defendant, we affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

An information charged defendant with felony possession of ammunition as a person prohibited from owning or possessing a firearm (Pen. Code, § 30305, subd. (a)(1)), misdemeanor methamphetamine possession (Health & Saf. Code, § 11377, subd.

1

(a)), and misdemeanor drug paraphernalia possession (Health & Saf. Code, § 11364, subd. (a)).

On January 25, 2019, defendant pleaded guilty to the ammunition possession charge and the other charges were dismissed. The court temporarily suspended defendant's sentence by continuing the sentencing hearing for one year on the condition that defendant complete a one-year program at the Jericho Project and he was to return for sentencing on successful completion. On February 6, 2019, the probation office notified the trial court that defendant had left the Jericho Project after five days.

On January 24, 2020, at the continued sentencing hearing, the trial court imposed an upper term sentence of three years for ammunition possession with a total of 87 days of presentence confinement, comprised of 43 days of presentence credit and 42 days of good conduct credit.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find the court and abstract of judgment miscalculated the total days of presentence confinement, which should be 85 total days. We find no other errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to reflect 85 total days' credit for time spent in custody. The trial court is directed to prepare an amended abstract of judgment and to forward that document to the California Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

                                                /s/
                                        RAYE, P. J.

We concur:

      /s/
MAURO, J.

      /s/
DUARTE, J.